LILJEBERG, J.,
dissents with reasons.
hi have considered the opinion of the majority to reverse the finding of contempt in this matter, and I cannot agree. The authority to punish for contempt of court falls within the inherent power of the court to aid in the exercise of its jurisdiction and to enforce its lawful orders, de Nunez v. Bartels,. 97-1384 (La.App. 1 Cir. 9/9/98), 727 So.2d 463, 470. In the case of criminal contempt, if the facts which constitute the contemptuous conduct are proven beyond,a reasonable doubt, then the trial court has great discretion in determining whether to impose a judgment of contempt based on its factual determinations. Rogers v. Dickens, 06-898 (La.App. 1 Cir. 2/9/07), 959 So.2d 940, 945.
Based on the facts and circumstances of this case, I do not believe that the trial judge abused her discretion by finding the attorney in contempt for making a false representation to the court. The evidence was sufficient to show that the attorney’s conduct was contemptuous, and thus, I would affirm the trial court’s ruling. I further question the majority’s decision to rely on the appellate rules set forth in the Louisiana Code of Civil Procedure, such as La. C.C.P. art. 2083(A). and La. C.C.P. art. 1915(A)(6), when addressing the appeala-bility of this criminal matter. According, I respectfully dissent.